# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS MANUEL RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 11-213 Erie** |
| | ) | |
| **v.** | ) | **Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **ARCHIE LONGLEY,** | ) | |
| **Respondent.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.

## II.    REPORT

### A.    Relevant Background

The petitioner, Jesus Manuel Rodriguez, was indicted along with three other defendants in the U.S. District Court for the Southern District of New York.  On October 14, 2010, he pleaded guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(1).  On February 7, 2011, the court sentenced him to a term of 60 months of imprisonment, to be followed by five years of supervised release.  Rodriguez did not take a direct appeal or file a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255.

Pending before this Court is Rodriguez's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241.  [ECF No. 6].  He raises the following claim:

> Actual and factual innocence of a violation under 18 U.S.C. § 924(c)(1)(A)(1).  I was charged with possession of a firearm in connection with a drug trafficking offense … I was never in possession of a firearm.

1

[ECF No. 6 at 5].  As relief, he seeks an Order from this Court directing that he be released immediately from the Bureau of Prison's custody.  [Id.]

Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction.  [ECF No. 10].  Specifically, Respondent argues that Rodriguez's claim must be raised in a § 2255 motion filed with his sentencing court, and that he cannot establish that § 2255 provides an inadequate or ineffective remedy, which would enable him to pursue his claims under § 2241.  Rodriguez has filed a Reply [ECF No. 12] in which he argues that his claims do fall within the scope of § 2241 because "he may benefit from the United States Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), construing a federal [statute] i.e. 18 U.S.C. § 924(c) which determined the conduct of which I was accused of as being non-criminal."  [ECF No. 12 at 2].

**B.**     **Discussion**

**1.**     **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."  Id.  "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."  McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010).  That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255.  That statute permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

2

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is calculating his sentence.

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Rodriguez is challenging the validity of his convictions and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

## 2. The Savings Clause of 28 U.S.C. § 2255

"On rare occasions it is possible for federal prisoners to attack their convictions and sentence pursuant to § 2241, as opposed to § 2255." B. Means FEDERAL HABEAS MANUAL § 1:29 (June 2012). Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The Third Circuit Court and other courts of appeals have found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. "A section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping

requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam)." David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime *later deemed to be non-criminal by an intervening change in law*." David, 305 F.App'x at 856 (emphasis added).

In the Third Circuit, the seminal case on the application of § 2255's savings clause is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. Subsequent to him exhausting his appeals and litigating a § 2255 motion, the Supreme Court, in the decision that Rodriguez relies upon here, Bailey v. United States, 516 U.S. 137 (1995), construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.[1]

---

[1] Prior to its amendment in 1998, 18 U.S.C. § 924(c)(1) applied to a defendant who, "during and in relation to any … drug trafficking crime[,] ... uses or carries a firearm[.]" The statute leaves the term "uses" undefined. In Smith v. United States, 508 U.S. 223 (1993), the Supreme Court held that "a criminal who *trades his firearm for drugs* 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." Id. at 241 (emphasis added). Two years later, the issue in Bailey was whether possessing a firearm kept near the scene of drug trafficking is "use" under § 924(c)(1). The Supreme Court decided that mere possession does not amount to "use": "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the

4

Post Bailey, Dorsainvil filed an application in the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied him leave to do so, noting that he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). However, the court concluded that he had established the inadequacy of § 2255 so as to bring his § 2241 petition:

Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy

predicate offense," 516 U.S. at 143. As discussed *infra*, in 1998, Congress responded to Bailey by amending § 924(c)(1). The amendment broadened the provision to cover a defendant who "uses or carries a firearm, *or who, in furtherance of any [crime of violence or drug trafficking crime], possesses a firearm*[.]" 18 U.S.C. § 924(c)(1)(A) (emphasis added).

unavailable.  In that unusual circumstance, the remedy afforded by § 2255 is "inadequate
or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances,
provided of course that Dorsainvil could make the showing necessary to invoke habeas
relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

"Put another way," under the narrow holding of Dorsainvil, "§ 2255 is inadequate and ineffective

to test the legality of a conviction when:  (1) at the time of conviction, settled law of this circuit or the

Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal

and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of

§ 2255 because the new rule is not one of constitutional law."  Trenkler v. Pugh, 83 F.App'x 468, 470

(3d Cir. 2003).

This case does not fall within the narrow constraints enunciated in Dorsainvil.  As Respondent

points out, Rodriguez's reliance upon Bailey is misplaced because that decision addressed a prior version

of 18 U.S.C. § 924(c) (applying to a person who "during and in relation to any … drug trafficking crime

… uses or carries a firearm").  In 1998, Congress responded to Bailey by amending § 924(c)(1), making

it an offense to "possess" a firearm "in furtherance of" one of the predicate offenses and adding

sentencing enhancements for brandishing and discharge.  See Pub.L. 105-386, § 1(2)(1), 112 Stat. 3469;

see also 144 Cong. Rec. 26608 (1998) (remarks of Sen. DeWine) (referring to the amendments as the

"Bailey Fix Act").  Because Rodriguez was convicted in 2011, *thirteen years after the Bailey Fix Act*,

Bailey is inapplicable to his case.

In conclusion, this case does not fall within the narrow constraints enunciated in Dorsainvil.

Because a challenge to the validity of a conviction or sentence is properly brought pursuant to § 2255 in

the court which imposed the sentence (here, the U.S. District Court for the Southern District of New York), and because Rodriguez cannot demonstrate that such a remedy would be inadequate or ineffective, this Court is without jurisdiction to consider his § 2241 petition and, therefore, it must be dismissed.

### C.      Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


September 18, 2012               <u>/s/ Susan Paradise Baxter</u>
                                    SUSAN PARADISE BAXTER
                                    United States Magistrate Judge


cc:    The Honorable Sean J. McLaughlin
        United States District Judge